RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE: 1/23/15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ANTHONY PAUL DESHOTEL (#118476)   DOCKET NO. 14-CV-3329; SEC. P

VERSUS   JUDGE DRELL

CHARLES L. BULL, JR., ET AL.   MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Anthony Paul Deshotel filed the instant civil rights complaint *in forma pauperis* and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC) and is currently incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He names as defendants Charles L. Bull, Jr., District Attorney Michael Cassidy, and Judge C. Steve Gunnell of the 31st Judicial District Court. Plaintiff seeks monetary damages for an allegedly illegal conviction and sentence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

Plaintiff alleges that, on September 17, 2012, he was sentenced to five years of imprisonment for the offense of theft of property over five hundred dollars ($500.00). Plaintiff states that he was never formally charged. Thus, he claims that the conviction and/or sentence are illegal.

*Law and Analysis*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A. Likewise, Section 1915(e)(2)(b) provides for screening of all complaints filed *in forma pauperis*.

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. See Neiztke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

To the extent that plaintiff is challenging the conviction itself, a *habeas corpus* petition filed pursuant to 28 U.S.C. §2254,

rather than a civil rights petition under §1983, is the proper procedure for a state prisoner challenging the <u>fact</u> or duration of his confinement. <u>See</u> <u>Cook v. Texas Dept. of Criminal Justice Planning Dept.</u>, 37 F.3d 166, 168 (5th Cir.1994).

However, Plaintiff should note that before filing a federal habeas corpus action, a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas corpus relief. <u>See</u> <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 225 (5th Cir. 1987), cert. denied, 484 U.S. 956 (1987); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).[1]

Plaintiff seeks monetary compensation for his allegedly wrongful conviction and incarceration. The Supreme Court of the United States has determined that in order to recover damages for allegedly unconstitutional imprisonment, a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

---

[1] Generally, the habeas exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. <u>Dupuy v. Butler</u>, 837 F.2d 699, 702 (5th Cir.1988). That is, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. <u>Thomas v. Collins</u>, 919 F.2d 333, 334 (5th Cir.1990). Specifically, the proper procedure in Louisiana for challenging the computation of a sentence is as follows:
    (1) The challenge to the computation of a sentence must first be brought through the Department's administrative grievance process. La. R.S. 15:1176.
    (2) Then, if the administrative remedies procedure is unsuccessful, the inmate can seek judicial review in the 19th Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15.
    (3) If unsuccessful at the district court level, the inmate can appeal the decision of the 19th JDC to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. See La. R.S. 15:1177A(10) and R.S.13:312(1).
    (4) Should Petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Louisiana Supreme Court. La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Id.

Thus, if a prisoner seeks damages for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of Heck, he is barred from any recovery and fails to state a claim upon which relief may be granted. See Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000). Plaintiff's conviction and sentence have **not** been reversed, expunged, or declared invalid. Thus, Plaintiff's claim for money damages is barred under Heck v. Humphrey.

*Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED** with prejudice for failing to state a claim for which relief may be granted, although Plaintiff may file a claim for monetary damages if and when the Heck conditions are satisfied.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A

party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. <u>See Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 23rd day of January, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE